**W.C., et al., Plaintiffs,**

v.

**Christopher DeBRUYN, et al., Defendants.**

**No. IP 90–40 C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 22, 1995.

Kenneth J. Falk, Julie Bennett, Legal Services Organization of Indiana, Inc., Indianapolis, IN, for plaintiffs.

Seth Lahn, Deputy Atty. Gen., Indianapolis, IN, for defendants.

### ENTRY

BARKER, Chief Judge.

This matter is before the court on plaintiffs' counsels' petition for attorneys fees, pursuant to 42 U.S.C. § 1988. The parties do not disagree as to plaintiffs' entitlement to fees as the prevailing party on the post-judgment contempt petition initiative, apparently recognizing for these purposes at least that plaintiffs did in fact attain the objectives in their litigation. *Cady v. City. of Chicago,* 43 F.3d 326 (7th Cir.1994). Instead the parties dispute the amount of fees to which plaintiffs are entitled. For the following reasons and in line with the computations explicated below, fees in the total amount of $4135.00 are awarded in plaintiffs' favor and against the defendants.

■ Defendants' first contention that plaintiffs have not sufficiently supported their claimed rates of compensation is overruled. The affidavits filed by plaintiffs establish a range of $150 to $250 per hour as the prevailing rate for such litigation in the Indianapolis area, depending on skill and experience. This amount is consistent with this judge's own independent sense of market definitions of fair compensation for such legal services in this community. Senior counsel, Mr. Falk, has requested reimbursement at the rate of $175 per hour; his associate counsel, Ms. Bennett, seeks compensation at the rate of $125 per hour. Defendants have countered with no opposing evidence. The rates claimed by plaintiffs are at the low end of the fee scale and appear to be reasonable in terms of the expertise of counsel and the issues involved in the proceedings. Accordingly, the court will allow the stated rates to apply to the requested reimbursements.

■ Defendants' next contention is that Attorney Bennett's hours are duplicative of Attorney Falk's hours and/or are inadequately supported. The court concurs in this assessment. The cryptic entries in plaintiffs' time records offer no clues as to the nature of the "research and writing" performed by either of plaintiffs' attorneys in this case. The court notes that Ms. Bennett's billing/time records reflect a total of 12 such hours of work and Mr. Falk's records reflect 7.2 additional hours for research and writing tasks. Given the routine nature of the procedural motions filed in this matter supported by the single, ten-page brief, the total time spent by the lawyers, 19.2 hours, appears to the court to be excessive. Whether this occurred because of Ms. Bennett's lack of prior involvement in the case, or her relative inexperience as a lawyer (compared to Mr. Falk), or for some other unspecified reason, the court cannot determine. In any event, we will allow reimbursement for half the time recorded (actually slightly more than half, rounding for ease of computations): to wit, 10 hours, computed on the basis of the 3.5 hours attributable to Mr. Falk and 6.5 hours attributable to Ms. Bennett.

Both counsel have assessed time for attending a deposition (1.2 hours each) and the pretrial conference (1 hour each). There was no particularized showing of need whereby both lawyers were required to be there or that each lawyer actually participated in those proceedings. However, the court does recognize a certain "two heads are better than one" value in conducting litigation. Thus, the court will allow Mr. Falk to recover the full value of his time investment, but reduce Ms. Bennett's time reimbursement request by half (to wit, 2.2 hours for Mr. Falk, 1.1 hours for Ms. Bennett, for a total of 3.3 reimbursable hours).

Defendants' final contention that plaintiffs were obligated to distinguish between successful and unsuccessful claims is without merit, because plaintiffs prevailed on all their claims.

Plaintiffs' supplemental request for $332.50 expended in responding to defendants' brief in opposition to fees requests will be granted in part, that is, the court will award half the amount sought (to wit, 1 hour @ $175.00). Had plaintiffs' initial submission for its fees request been sufficiently particularized and detailed, defendants likely would not have had a basis to quarrel, especially on the grounds of vagueness. Indeed, the court's own analysis has been impeded by the lack of detail in the time records and reimbursement requests. Plaintiffs must bear responsibility for their meager submissions, and this reduction is intended to reflect that.

In conclusion, Mr. Falk is to be reimbursed for 18.2 hours at the rate of $175 per hour, for a total fee of $3,185.00. Ms. Bennett is to be reimbursed for 7.6 hours at the rate of $125 per hour, for a total fee of $950.00. Defendants are ordered to pay to plaintiffs' counsel the total sum of $4,135.00.[1]

It is so ORDERED.

---

1. In plaintiffs' counsels' original motion for fees, Mr. Falk's time was computed as 19.7 hours. This judge's addition resulted in a total of 20.8 hours. Since it was the more generous figure, it has been used in this entry as the base number of hours before the court ordered reductions.